AUGUSTINE F. HAHN, Executor, *vs.* LESLIE C. DEAN.

Waldo County. Decided July 5, 1911. The rescript is as follows: "This is an action of replevin brought by the executor of the last will and testament of Maria D. Dean, late of Lincolnville, to recover various bonds of the par value of twelve thousand dollars found after her death in the possession of the defendant, a nephew of said testatrix, and claimed by the defendant under a gift inter vivos.

"At the conclusion of the evidence, the presiding Justice directed a verdict in favor of the plaintiff, and the case is before the law court on defendant's exceptions to this ruling, and also to the admission and exclusion of certain evidence.

"Maria D. Dean died on August 17, 1909. She was a widow without children, her heirs being a brother and a large number of nephews and nieces. She had had a safety deposit box in one of the banks in Belfast for many years in which she kept her securities. At some time, prior to December, 1903, she procured an envelope from the Treasurer of the Belfast Savings Bank, and on the back of it she wrote these words: 'What is in this envelope belongs to Leslie C. Dean of Northport, Maine.' Just what she deposited in this envelope is not clear; but it is fair to infer that some of her bonds were placed in it and it was then restored to her box and

continued in her exclusive possession and control. On August 2nd, 1909, she gave the defendant an order on the cashier of the City National Bank of Belfast, in which her box was then kept, in these words: 'Please send me my safe deposit box by Leslie C. Dean and oblige.' The box was delivered to the defendant on this order, and it is conceded that all the bonds described in the writ were in the box at that time and were the property of Mrs. Dean. On Tuesday, August 17th, after the death of Mrs. Dean, the defendant took the box back to the City National Bank, but deposited the bonds in question in the Waldo Trust Company in his own name.

*Held:*

"1. That the mere marking of the envelope, as aforesaid, while it and its contents remained in Mrs. Dean's possession and control, was insufficient to transfer title to any property therein contained.

"2. That the title to the contents of the safety deposit box is not proven to have passed from her. There is no legal evidence of delivery, and the defendant's mere possession after his aunt's death falls far short of what the law requires. He was in possession under her authority when he took the box from the bank, and his possession was her possession; and that possession is presumed to continue until the contrary is proved, that has not been proved, and therefore, the title remained unchanged, and at her decease passed to her estate or to the plaintiff as the executor of the will.

"3. To constitute a valid gift inter vivos delivery is essential. No intention, however clear, nor declarations, however strong, can take its place.

"4. As a verdict for the defendant could not have been sustained in this court, the direction of a verdict for the plaintiff by the presiding Justice was without error.

"5. The defendant was not made a competent witness by the fact that two heirs at law of the testatrix testified at the instance of the plaintiff, and his testimony was properly excluded. It is provided in Revised Statutes, chapter 84, section 112, par. V. that 'In actions where an executor, administrator or other legal representative is a party, and the opposite party is an heir of the deceased,

said heir may testify when any other heir of the deceased testifies at the instance of such executor, administrator or other legal representative.'

The defendant not being an heir of the deceased does not come within this exception.

"6. The ruling of the presiding Justice permitting a niece of the testatrix to testify in behalf of the plaintiff to declarations of the testatrix tending to disprove a gift of the bonds, would be inadmissible so far as they can be regarded as merely self-serving; but the decision of the court in this case entirely disregards these declarations and is based upon the clearly admissible evidence. The error, if any, was harmless and should not be allowed to disturb the verdict. Exceptions overruled." *R. W. Rogers, and Arthur S. Littlefield*, for plaintiff, *Dunton & Morse*, for defendant.